IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| ANN Y. HAMPTON, ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | No. 3:09-1142 |
| ) | JUDGE TRAUGER |
| WILLIAM B. BRYANT and ) | MAGISTRATE BRYANT |
| JENNIFER BRYANT, ) | |
| ) | JURY DEMAND |
| Defendants/Counter-Plaintiffs. ) | |
| _____ ) | |

## AGREED PROTECTIVE ORDER

To expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality, and to protect information and documents of the kind whose confidentiality is protected under Rule 26.03 of the Federal Rules of Civil Procedure, it is hereby ORDERED as follows:

**1. APPLICABILITY OF THIS PROTECTIVE ORDER.**

a. Information, documents or things (collectively "Material") designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be used solely in this action and not for any commercial or business purpose; however, nothing herein shall be construed as preventing any party or any representative of any party from complying with any order of any court, or state or federal agency. The parties' designation of Material shall be without prejudice to and have no effect on any question of fact or law before the Court.

b. The "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" provisions in this Protective Order shall apply to designated Material subject to discovery and/or submitted to the Court in this action that a party or non-party owns or controls, which Material contains a party or non-party's claimed intellectual property, trade secrets, strategic business and marketing,

1

or sensitive commercial or financial information. The foregoing includes, without limitation, testimony at depositions upon oral examination or upon written questions, answers to interrogatories, documents or things produced, information obtained from inspection of premises or things, and answers to requests for admission. It is acknowledged, however, that Material designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" will not be subject to this Protective Order if the information, documents or things were obtained from other sources.

**2. DESIGNATION OF MATERIAL.**

a. Any party or nonparty who produces or provides designated Material in this litigation may designate it as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" by labeling or marking the Material in the manner described herein. Such a designation of Material shall constitute a representation that designating counsel has personally reviewed the Material and, in good faith, believes that the designation is appropriate under the standards set forth herein and the applicable Federal Rules of Civil Procedure.

b. Any party challenging a designation of Material as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall specify in writing to the producing party or non-party those portions of the Material challenged as improperly designated. The challenging party may, after conferring in good faith with opposing counsel, move this Court for an order that the designated information, documents or things shall not be subject to this Order. Any Material covered by the motion shall be protected until the motion is decided. A party's failure to challenge a designation shall not be deemed an admission that such Material is indeed confidential or constitute trade secrets or proprietary information. Any designation, whether challenged or not, shall not be admissible or otherwise relevant to any question before the Court,

including those involving whether certain information indeed constitutes a trade secret under applicable law.

**3.    PERMISSIBLE DISCLOSURE OF CONFIDENTIAL MATERIAL.**

Unless otherwise provided by this Court, Material designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" may be disclosed only to the following:

   a.   counsel of record for the parties to this litigation and their employees;

   b.   the parties and their representatives or advisors;

   c.   the authors, senders, addressees, and copy recipients of the Material designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" and employees of any nonparty that produced Material designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER"; and,

   d.   experts or independent consultants engaged by the Court or by counsel for any party or the parties themselves to assist in this litigation, provided that for each nonparty expert or independent consultant, provided that each nonparty expert or independent consultant has acknowledged, in writing, his or her understanding of the provisions of this Order before receiving discovery materials protected by this Order and provided that each nonparty expert or independent consultant returns the Materials to the counsel who retained him/her within thirty (30) days of the conclusion of his/her services in this matter.

**4.    METHOD OF DESIGNATION OF DOCUMENTS.**

   a.   <u>Pleadings, Motions, and Written Discovery Responses</u>:  For purposes of this Order, the term "document" means all written, recorded, or graphic material, whether produced or created by a party or another person, and regardless of the rule, agreement or order under which it was produced.

3

Interrogatory answers, responses to requests for admissions, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain information entitled to protection may be designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." To the extent feasible, these items shall be prepared in such a manner that the confidential information is bound separately from that material not entitled to such protection.

b. <u>Documents Produced In Discovery</u>: The Designating Party may designate documents as subject to this Order by producing copies of the document marked on the first page with a legend reading "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or other appropriate notice to similar effect.

c. <u>Physical Exhibits</u>: The confidential status of a physical exhibit shall be indicated by placing a label on said physical exhibit marked with the appropriate notice.

**5. CONFIDENTIAL INFORMATION IN DEPOSITIONS.**

a. During a deposition, a non-party deponent may be shown and examined about Material designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

b. Non-party deponents shall not retain or copy portions of the transcript of their depositions that contain protected information not provided by them or the entities they represent.

c. Parties and deponents may, at any time during or within fifteen (15) business days after receipt of a deposition transcript, designate portions of testimony for protection under this Protective Order. Information within the deposition transcript shall be designated by marking the pages containing such information "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" and forwarding copies of these pages to the Court Reporter, to counsel for the parties, and to any other person known to have a copy of the transcript. Pending expiration of this

4

designation period, the entire deposition transcript (with the exception of the exhibits to the transcript) shall be treated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." Exhibits to the deposition transcript will be treated in accordance with whatever designation was given those materials, if any, at the time of their production or, if not previously produced, at the time of the deposition.

6. **CLIENT CONSULTATION**.

Nothing in this Protective Order shall restrict any counsel from advising said counsel's client with respect to this action and from relying upon an examination of material designated pursuant to this Order in giving such advice.

7. **FILING.**

Submission of designated material to the Court shall be as follows:

a. A party who wishes to lodge or file any paper, pleading or exhibit containing Material designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall state on the first page of the paper, pleading or exhibit containing such material that the paper, pleading or exhibit contains such Material and is submitted under seal.

b. A party who lodges or files any paper, pleading or exhibit containing such designated material shall file it with the Court under seal pursuant to Federal Rule of Civil Procedure 5.2(f) and Rule 5.07 of the Administrative Practice and Procedures for Electronic Case Filing for the U.S. District Court – Middle District.

c. A party who lodges or files any paper, pleading or exhibit containing material designated pursuant to this Protective Order shall also submit to the Court for public filing an identical copy of the paper, pleading or exhibit with the confidential material redacted and

should state on the first page of the pleading that such paper, pleading or exhibit is a redacted version of an unredacted copy which has been filed under seal.

8. **USE OF CONFIDENTIAL MATERIAL AT HEARINGS OR AT TRIAL.**

Subject to the Federal Rules of Evidence, Material designated under this Protective Order may be offered in evidence at trial or any hearing. Any party may move the Court for an Order that the evidence be received in camera or under such other conditions as are necessary to prevent inappropriate disclosure. The Court will then determine whether the proffered evidence should continue to be protected under this Protective Order and, if so, what protection, if any, may be afforded to such information at the trial. Before any documents or information is presented to a jury, any designation under this Order shall be removed to prevent possible prejudice to either side of on any questions at issue.

9. **EXCEPTIONS.**

This Protective Order shall not prevent or prejudice any party from applying to the Court for relief from this Protective Order or for further or additional protective orders, or from agreeing with the other party to a modification of this Protective Order, subject to this Court's approval.

10. **NON-TERMINATION**.

The provisions of this Protective Order shall not terminate at the conclusion of this action. Upon agreement of all counsel of record or within sixty (60) days after this action finally terminates, either because a settlement agreement has been executed and the case dismissed, the time to appeal expires, or the appellate mandate issues after an appeal, whichever event shall occur first, receiving counsel either shall return all "CONFIDENTIAL - SUBJECT TO

PROTECTIVE ORDER" Materials, including all copies, abstracts, summaries, or documents containing information taken from them (but excluding any materials which in the judgment of receiving counsel are work product materials in said counsel's possession, custody, or control), to counsel for the party or nonparty who produced or provided them, or shall certify that the materials were destroyed; provided, however, that one counsel of record for each party may retain one copy of all Material designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," including, but not limited to, all court papers, hearing or trial exhibits, and deposition exhibits, solely for reference in case a dispute arises over the use of information subject to this Protective Order or over compliance with any final judgment.

11. **EFFECT OF EXECUTION.**

The execution of this Protective Order shall not be construed as an agreement by any person to supply any Material, as a waiver by any person of the right to object to the production of any Material, or as a waiver of any claim of privilege with regard to the production of any Material.

12. **VIOLATION.**

Violation or breach of these confidentiality provisions shall be considered a violation of an Order of this Court.

_____
Judge Aleta A. Trauger

**APPROVED FOR ENTRY:**


*/s/ Lisa K. Helton*
Samuel P. Funk (No. 19777)
Lisa K. Helton (No. 23684)
SHERRARD & ROE, PLC
424 Church Street, Suite 2000
Nashville, Tennessee 37219
(615) 742-4200
(615) 742-4539 (fax)

*Attorneys for Plaintiff/Counter-Defendant,*
*Ann Y. Hampton*



*/s/ Carol M. Joiner by Lisa K. Helton w/ permission*
Carol M. Joiner (No. 16760)
Philip M. Mize (No. 22198)
BATSON, NOLAN, PEARSON, MILLER & JOINER, PLC
121 South Third Street
Clarksville, Tennessee 37040

*Attorneys for Defendants/Counter-Plaintiffs,*
*William B. Bryant and Jennifer Bryant*